# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERRY KUEHNER,** | : |
| **Petitioner** | : |
| | : CIVIL ACTION NO. 3:13-1735 |
| v. | : |
| | : (Judge Mannion) |
| **COMMONWEALTH OF PENNSYLVANIA, <u>et al.</u>,** | : |
| | : |
| **Respondents** | |

## **MEMORANDUM**[1]

Terry Kuehner, an inmate presently confined in the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania (SCI-Retreat), filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254. (Doc. No. 1, petition). He attacks a conviction imposed by the Court of Common Pleas for Carbon County, Pennsylvania. <u>Id</u>. For the reasons that follow, the Court will dismiss the petition as untimely.

## I. **Background**

The following background has been extracted from the Pennsylvania

---

1. For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Superior Court's October 22, 2012, Memorandum Opinion vacating the lower court's decision and remanding for the appointment of PCRA counsel. (Doc. No. 1, Commonwealth v. Kuehner, No. 524 MDA 2012, Superior Court Opinion at pp. 1-4).

> On October 2, 2008, Terry Kuehner ("Appellant") entered into a guilty plea to counts 2 and 5 of the information, which were aggravated assault (F2) and simple assault charges (Md) respectively.[2] As part of his guilty plea, Appellant was sentenced to a term of imprisonment [of] not less than eighteen (18) months nor more than ten (10) years on the aggravated assault charge and to an imprisonment term of not less than six (6) months nor more than twelve (12) months on the simple assault charge. As the signed stipulation stated, the sentence for the simple assault was to run consecutive to the sentence of the aggravated assault charge.

Trial Court Opinion (T.C.O.), 5/23/12, at 1-2.

Appellant did not file a direct appeal. On August 15, 2011, Appellant filed a *pro se* petition for writ of habeas corpus in which Appellant alleged violations of the plea agreement. Appellant alleged that his sentences should have been run concurrently rather than consecutively. In furtherance of this claim, Appellant alleged in the petition (and now alleges on appeal from the denial of the petition) numerous theories by which he seeks to obtain relief. Appellant claims the consecutive sentencing scheme was the result of violations of due process, ineffective assistance of counsel, and breach of contract.

The trial court dismissed Appellant's petition for writ of habeas

---

2. 18 Pa.C.S.A. §§2701(a)(1), (4).

corpus for want of subject matter jurisdiction. The Commonwealth argues that because the writ of habeas corpus has been largely subsumed by the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§9541 - 9546, Appellant's petition for writ of habeas corpus should be treated as an untimely PCRA petition. We agree.

Id. On October 22, 2012, the Pennsylvania Superior Court treated Kuehner's petition for writ of habeas corpus as a PCRA petition, and remanded the case to the Court of Common Pleas of Carbon County for the appointment of counsel. Id. Relying on the holding in Commonwealth v. Stout, 978 A.2d 984, 988 (Pa. Super. 2009), the Superior Court found that "regardless of whether a petitioner has filed a PCRA petition that is untimely on its face, or whether such a petition is mischaracterized as a writ of habeas corpus or some other alternative form of relief, Pa.R.Crim.P. 904(B) requires that an indigent petitioner seeking collateral relief for the first time following a convictions is entitled to the appointment of counsel. Stout."

By Order dated February 19, 2014, Attorney Joseph V. Sebelin, Jr., was appointed as counsel to represent Kuehner, and was provided forty-five (45) days within which to review Kuehner's filings, including the timeliness of Kuehner's challenge to Judge Webb's sentencing, and either seek to withdraw, after filing a "no-merit' letter, or file an amended petition raising those claims deemed meritorious by counsel. (Doc. No. 14, Commonwealth of Pennsylvania

v. Kuehner, No. CP-13-CR-0000691-2005, Criminal Docket Sheet).

On June 24, 2013, Kuehner filed the instant petition for writ of habeas corpus. (Doc. No. 1, petition). He claims that his petition is

> "based on ineffective assistance of counsel, of a remand back to the lower court by the Superior Court, for appointment of counsel, due to a PCRA is time barred by the one year, to were the writ of habeas corpus petition should not be moot due to newly discovered evidence of the violations of the altered plea without consent, and wrongful application of improperly administering false conclusions of remand for correctiveness by the lower court, and failing to respond to the request to correct the recorded docket of the petitions and motions that were filed." Id.

On July 2, 2013, the Court issued an administrative order with notice of limitations on filing of future motions under 28 U.S.C. §2254. (Doc. No. 4).

On August 6, 2013, the Court issued an order to show cause. (Doc. No. 6).

Also, on August 6, 2013, Attorney Sebelin issued a No-Merit Letter which was filed on August 26, 2013. (Doc. 14, Ex. A, Letter). Attorney Sebelin detailed the lack of merit to both the timeliness of Kuehner's claims and the underlying claims themselves. Id.

On September 25, 2013, a response to the petition was filed (Doc. No. 14), and on October 10, 2013, Petitioner filed a traverse. (Doc. No. 15).

**II     Discussion**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), a one-year statute of limitation applies to an application for writ of habeas corpus, which begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A).

On October 2, 2008, Kuehner was sentenced to a term of imprisonment of not less than eighteen (18) months nor more than ten (10) years on the aggravated assault charge and to an imprisonment term of not less than six (6) months nor more than twelve (12) months on the simple assault charge. No direct appeal was filed. Thus, his conviction became final on November 3, 2008, the day the time period for filing a direct appeal with the Superior Court expired.[3] The limitations period for filing a 2254 petition commenced on November 3, 2008, giving Petitioner until November 3, 2009 to file his federal petition, absent

---

3.   In Pennsylvania, a criminal defendant has thirty days from the date of his sentence to file a direct appeal with the superior court. See Pa.R.Crim.P. 720(a)(3).

statutory or equitable tolling of the period. Kuehner, however, did not commence the instant proceedings until June 24, 2013, almost four years after the expiration of the statue of limitations. As such, his petition can only be deemed timely if he was entitled to statutory or equitable tolling of the limitations period.

Pursuant to §2244(d)(2), the limitations period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." However, if a PCRA petition is not timely filed, it is not considered properly filed in order to toll the AEDPA one-year statutory time period. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Petitioner did not file any type of collateral review until the filing of his August 15, 2011 petition for writ of habeas corpus. Although the habeas petition was declared as an untimely collateral attack, the Superior Court, recharacterized the petition as a PCRA petition, and remanded pursuant to Commonwealth v. Stout, supra, which requires the appointment of counsel for an indigent petitioner seeking collateral relief for the first time following a convictions. Kuehner's petition was subsequently deemed untimely. As such, Kuehner's PCRA petition is not considered a "properly filed" petition for tolling purposes. Thus, given that the instant petition was not filed until almost four years after the expiration of the statue of limitations, the instant action is clearly not saved by the statutory tolling

provision.

Moreover, equitable tolling of the AEDPA's limitation period is available only where the petitioner shows that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing of a habeas petition. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). There is no indication from the instant petition that the limitation period in this case is subject to equitable tolling.

### III.    **Certificate of Appealability**

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

7

## IV. Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED** as untimely. An appropriate order will follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: December 2, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-1735-01.wpd